(18 App. Div. 274.)

### PEIRSON v. MURTHA et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

WILLS—CONSTRUCTION—RIGHTS OF LEGATEES.

    Testator devised his estate to his executors in trust, and directed them to carry on testator's business; to retain as manager of said business testator's father, who had been theretofore so employed at a salary of $25 per week, and to pay to the father $1,200 per year out of the estate, "so long as he lives, whether he be their manager of my aforesaid business or not." Held, that testator's father was entitled only to $1,200 per year, and not to $25 per week in addition thereto.

Submission, without action, of controversy between Edward Peirson, as plaintiff, and James A. Murtha and Thomas Connor, executors of and trustees under the will of William G. Peirson, deceased. Judgment for defendants.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Oscar Frisbie, for plaintiff.
E. C. Tucker, for defendants.

WILLARD BARTLETT, J.   At the time of the death of William G. Peirson, and for several years prior to his decease, his father, the plaintiff, was in his employ at a salary of $25 a week.   William G. Peirson died on September 3, 1896, leaving a will, by which he devised and bequeathed his residuary estate to the defendants as trustees, directing them to carry on and manage the business of manufacturing cement, pipe, and bricks, and whatever business of that nature the testator might be carrying on at the time of his death; to retain and keep his father, Edward Peirson, "as manager of said business, as their agent, so long as he lives, unless or until from permanent sickness or the infirmities of age he be unable to conduct and manage the same, or unless he resigns his position as such manager"; and to pay out of the testator's estate the annual sum of $1,200 to his said father, "so long as he lives, whether he be their manager of my aforesaid business or not."   The will further directed that the annual profits and net income from the estate, after paying the expenses of managing and conducting the same, and after paying the annual sum of $1,200 to the testator's father, should be paid over one-third each to three legatees named therein; and it provided that the aforesaid trusts were to continue until the testator's grandson William L. Peirson reached the age of 21 years, or until the death of the testator's father, the plaintiff herein, whichever event should take place last, whereupon the whole estate was directed to be equally divided between the wife, a son, and the said grandson of the testator.   The defendants, as trustees under the will, have been and are now carrying on the business as therein directed, and have retained the plaintiff as the manager of such business, but have refused to pay him any compensation for his services other than the annuity of $1,200 specified in the will.   The question presented by this controversy is whether he is entitled to anything further or not. In my opinion, he is limited to the $1,200 per annum mentioned in the will.   If the testator had intended to give the $1,200 a year in addition to such compensation as his father might earn by the rendition of services as manager of the business, he would not, as it seems to me, have added the direction to pay this amount "so long as he lives, whether he be their manager of my aforesaid business or not." This last clause was wholly unnecessary if the intent was to make a gift of the annuity of $1,200 over and above the father's earnings as manager.   The wish of the testator appears rather to have been that the father should receive $1,200 for his services as manager so long as he was able or chose to act in that capacity, but that he

should have that amount of annual income out of the estate in any event during his lifetime, whether he continued to manage the business or gave it up.

As this intention seems to be reasonably clear, I think the defendants should have judgment. All concur.